Michelle E. Armond (Bar No. 227439)
michelle.armond@armondwilson.com
Josepher Li (Bar No. 313018)
josepher.li@armondwilson.com
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA 92660
Phone: (949) 932-0778
Facsimile: (512) 345-2924

William D. Ellerman (*Pro Hac Vice* to be filed)
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Phone: (214) 593-9110
Facsimile: (214) 593-9111
wellerman@shorechan.com

Attorneys for Petitioner
VIDEOSHARE, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE NONPARTY SUBPOENAS<br><br>VIDEOSHARE, LLC,<br><br>    Petitioner,<br>  v.<br><br>GOOGLE LLC and<br>YOUTUBE, LLC,<br><br>    Respondents. | Case No. 2:21-mc-00464<br><br>Related to Case No.<br>6:19-cv-00663-ADA<br>*Pending in the United States District Court for the Western District of Texas*<br><br>**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO QUASH GOOGLE LLC AND YOUTUBE, LLC'S SUBPOENAS TO DOVEL & LUNER**<br><br>Hearing Date:  TBD<br>Time:     TBD<br>Ctrm.:     TBD |

VideoShare, LLC ("VideoShare") files this Motion to Quash Google LLC and YouTube, LLC's (collectively, "Google") Subpoena to Testify at a Deposition in a Civil Action and Subpoena to Produce Documents, Information, or Objects in a Civil Action ("Subpoenas") to VideoShare's former litigation counsel Dovel & Luner ("Dovel").

## I.    INTRODUCTION

This Court should quash the Subpoenas because the information Google seeks is either protected by the attorney-client privilege and/or the work product doctrine or imposes a disproportionate burden on Dovel since more appropriate alternative sources are available for the information Google seeks. For example, all non-privileged materials regarding the prosecution of the asserted patent may be obtained via the publicly available file wrapper in the U.S. Patent and Trademark Office. That information has also ***already been produced*** by VideoShare in the underlying litigation.

Because the Subpoenas are simply an attempt to harass, especially since Dovel did not prosecute the patent-in-suit and Google has not even sought VideoShare's or the inventors' deposition testimony in this case, and because VideoShare has not and will not waive its attorney-client privilege, VideoShare respectfully requests that the Court quash Google's Subpoenas.

## II.    BACKGROUND

On June 4, 2013, VideoShare filed suit in the District of Delaware against Google for infringement of U.S. Patent No. 8,464,302 ("the '302 Patent"). *VideoShare, LLC v. Google, Inc. and YouTube, LLC*, No. 13-cv-990 (GMS) (the "Delaware Action"), Dkt. No. 1. VideoShare's counsel at Dovel led those proceedings. Ultimately, the Delaware District Court invalidated the '302 Patent and that decision was later affirmed by the Federal Circuit. *See VideoShare, LLC v. Google, Inc.,* No. 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd,* 695 Fed. Appx. 577 (Fed. Cir. 2017).

On January 23, 2019, VideoShare filed the application that led to U.S. Patent No. 10,362,341 ("the '341 Patent"), which is a continuation of the '302 Patent and claims priority to U.S. Provisional Patent Application No. 60/147,029, which was filed on August 3, 1999. Ex. 1 ('341 Patent) at 1:7-20.[1] The '341 Patent issued on July 23, 2019.

On November 16, 2019, VideoShare filed the underlying suit against Google in the Western District of Texas for patent infringement. Pursuant to the Scheduling Order, on November 13, 2020, Google served its first set of discovery on VideoShare, which VideoShare answered. Thereafter, on March 12, 2021, Google served VideoShare with a notice of the subject Subpoenas seeking both documents and deposition testimony from Dovel and VideoShare's patent prosecution counsel at Buchanan Ingersoll & Rooney PC, including the following topics and document requests which on their face are directed toward privileged information:[2]

- **DEPOSITION TOPIC NO. 4**: Communications with Gad Liwerant, Christopher Dodge, and/or Guillaume Boissiere (the "Co-Inventors"), the named co-inventors of the Asserted Patent regarding the prosecution of Application No. 16/254,700 that lead [sic] to the Asserted Patent.

- **DEPOSITION TOPIC NO. 5**: Communications with any attorney or employee from the law firm of Buchanan Ingersoll & Rooney PC, including but not limited to Charles F. Wieland III, Adam Barnes, related in any way to the Asserted Patent, the '302 Patent, the '608 Patent, This Litigation, The VideoShare I Litigation, the Invalidity Order(s), or Past Litigation(s) or Related Litigation(s).

---

[1] All exhibits referenced herein are attached to the Declaration of Josepher Li, filed concurrently herewith.

[2] Dovel timely served its objections to the Subpoenas on March 29, 2021.

- **DEPOSITION TOPIC NO. 6**: Communications with VideoShare related to (a) the prosecution of the Asserted Patent, (b) the preparation or filing of the Asserted Patent, or (c) the issuance of the Asserted Patent, or (d) any other proceeding involving the Asserted Patent.

- **DEPOSITION TOPIC NO. 7**: The preparation, filing, or prosecution of any application that led to the Asserted Patent or any Related Patent, including but not limited to any draft applications, any drawings, any draft amendments or remarks, any documents provided by the Co-Inventors or VideoShare to You concerning the Asserted Patent, and/or any document concerning any expert consulted in connection with the prosecution of the Asserted Patent.

- **DEPOSITION TOPIC NO. 12**: Attorney diaries, notebooks, notes, or time records for services in connection with the prosecution of the Asserted Patent.

- **DEPOSITION TOPIC NO. 16**: Communications and/or documents prepared in relation to the Invalidity Orders.[3]

- **REQUEST FOR PRODUCTION NO. 1:** All documents and things that constitute, refer to, or relate to to the prosecution of Application No. 16/254,700 that lead [sic] to the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 3**: All documents and things that constitute, refer to, or relate to communication with Gad Liwerant, Christopher Dodge, and/or Guillaume Boissiere (the "Co-Inventors"), the named coinventors of the Asserted Patent regarding

---

[3] "Invalidity Orders" is defined as "the August 2, 2016 district court order in the Videoshare I Litigation, 2016 WL 4137524 (D. Del. Aug. 2, 2016), finding the '302 Patent and the '608 Patent to be invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter, and the Federal Circuit order, 695 F. App'x 577 (Fed. Cir. 2017), summarily affirming the district court's judgment." *See* Ex. 3 at 167.

the prosecution of Application No. 16/254,700 that lead [sic] to the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 4**: All documents and things that constitute, refer to, or relate to communication with any attorney or employee from the law firm of Buchanan Ingersoll & Rooney PC, including but not limited to Charles F. Wieland III, Adam Barnes, related in any way to the Asserted Patent, the '302 Patent, the '608 Patent, This Litigation, The VideoShare I Litigation, the Invalidity Order(s), or Past Litigation(s) or Related Litigation(s).

- **REQUEST FOR PRODUCTION NO. 5**: All documents and things that constitute, refer to, or relate to communication with VideoShare related to (a) the prosecution of the Asserted Patent, (b) the preparation or filing of the Asserted Patent, or (c) the issuance of the Asserted Patent, or (d) any other proceeding involving the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 6**: All documents that constitute, refer to, or reflect the preparation, filing, or prosecution of any application that led to the Asserted Patent or any Related Patent, including but not limited to any draft applications, any drawings, any draft amendments or remarks, any documents provided by the Co-Inventors or VideoShare to You concerning the Asserted Patent, and/or any document concerning any expert consulted in connection with the prosecution of the Asserted Patent.

- **REQUEST FOR PRODUCTION NO. 11**: All documents that relate to attorney diaries, notebooks, notes, or time records for services in connection with the prosecution of the Asserted Patent.

- **<u>REQUEST FOR PRODUCTION NO. 14</u>**: All documents and communications that refer or relate to the rejection of claims 1–7 of Application No. 16/254,700, which issued as the Asserted Patent, as being unpatentable over claims 1–17 of the '302 Patent and claims 1–23 of the '608 Patent.

- **<u>REQUEST FOR PRODUCTION NO. 16</u>**: All documents and communications that refer or relate to the Invalidity Orders.

- **<u>REQUEST FOR PRODUCTION NO. 17</u>**: All documents and communications that refer or relate to the Information Disclosure Statement submitted to the United States Patent and Trademark Office on January 23, 2019 during the prosecution of the Asserted Patent.

The information requested in the Subpoenas mirrors the discovery requests Google has served VideoShare in the underlying litigation, and which VideoShare has already answered. *Compare* Ex. 2, *with* Ex. 3. And even though each firm played an entirely different role as VideoShare's counsel over the years, *i.e.,* Dovel represented VideoShare in the Delaware Action whereas Buchanan Ingersoll & Rooney PC served as VideoShare's patent prosecution counsel, the deposition topics and document requests in Google's Subpoenas to both firms are nearly identical. *Compare* Ex. 3 at 90-94, *with id.* at 171-175 (listing twenty similar topics) and *id.* at 131-135, *with id.* at 214-218 (listing eighteen similar document requests); *see also* Ex. 4 ('341 Patent file history demonstrating Dovel was not responsible for the prosecution of the patent-in-suit ).

### III.   ARGUMENT

#### A.   Legal Standard

The Federal Rules of Civil Procedure provide that on a timely motion, courts must quash or modify a subpoena that: "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or… subjects a person

1  to undue burden." Fed. R. Civ. P. 45(c). A party issuing "a subpoena must take

2  reasonable steps to avoid imposing undue burden or expense on a person subject

3  to the subpoena." Fed. R. Civ. P. 45(d)(1). To evaluate whether a subpoena

4  constitutes an undue burden the court weighs "the burden to the subpoenaed party

5  against the value of the information to the serving party," considering "such

6  factors as relevance, the need of the party for the documents, the breadth of the

7  document request, the time period covered by it, the particularity with which the

8  documents are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232

9  F.R.D. 633, 637 (C.D. Cal. 2005).

10      **B.**    **VideoShare's Motion to Quash is Properly Before This Court.**

11      A party to an action has standing to quash or modify a third-party subpoena

12  where the party seeking to quash or modify the subpoena claims a privilege or

13  privacy interest in the subpoenaed information. *See Crispin v. Christian Audigier,*

14  *Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010); 9A CHARLES ALAN

15  WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

16  PROCEDURE § 2459 ("Ordinarily  a party has no standing to seek to quash a

17  subpoena issued to someone who is not a party to the action, unless the objecting

18  party claims some personal right or privilege with regard to the documents

19  sought."); *see also DIRECTV, Inc. v. Richards*, No. 03-5606, 2005 WL 1514187,

20  at *2-4 (D.N.J. June 27, 2005) (declaring that if a party has standing to challenge

21  a subpoena because he has asserted a privilege, personal interest or proprietary

22  interest, he may also raise other grounds for attacking the subpoena, such as undue

23  burden and relevance). Here, Google's Subpoenas seek disclosure of

24  VideoShare's privileged information from VideoShare's prior litigation counsel.

25  Hence, VideoShare has standing to challenge the Subpoenas.

26      Moreover, a motion seeking to quash a subpoena must be filed in the

27  judicial district where compliance of the subpoena is required. *See* Fed. R. Civ.

28

1   P. 45(d)(3). Google's Subpoenas were served and require compliance within this
2   judicial district. Thus, VideoShare's motion is properly before this Court.

3           **C.      Google's Subpoenas Seek Privileged Information.**

4           If a subpoena requests privileged information, that alone may be grounds
5   for quashing that subpoena. *See Unigene Lab'ys, Inc. v. Apotex, Inc*., No. 07-
6   80218, 2007 WL 2972931, at *3, *4 n.2 (N.D. Cal. Oct. 10, 2007) (granting
7   motion to quash subpoena upon finding that "deposition of [patent counsel]
8   [would be] futile since any information relevant to the controversy, whether
9   technical or legal, falls within the protection of the attorney-client privilege" ...
10  "[T]he protections of the attorney-client privilege alone warrant quashing the
11  subpoena ...."). "The attorney-client privilege protects confidential disclosures
12  made by a client to an attorney in order to obtain legal advice, ... as well as an
13  attorney's advice in response to such disclosures." *U.S. v. Ruehle,* 583 F.3d 600,
14  607 (9th Cir. 2009) (internal citation omitted). "The attorney client privilege
15  applies to communications between lawyers and their clients when the lawyers
16  act in a counseling and planning role, as well as when lawyers represent their
17  clients in litigation." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).
18  Here, the existence of the attorney-client privilege or work-product protection is
19  readily apparent based on Google's deposition topics and the document requests.

20          For example, Request for Production No. 16 seeks "All documents and
21  communications that refer or relate to the Invalidity Orders," whereas Deposition
22  Topic No. 16 similarly seeks "Communications and/or documents prepared in
23  relation to the Invalidity Orders."[4] As detailed above, Dovel represented
24  VideoShare in the Delaware Action, which resulted in the invalidation of the '302
25  Patent, *i.e.* the Invalidity Orders. Google's overly broad document request and
26  deposition topic undoubtedly encroach on attorney-client privileged information,

27
---
28  [4] Each deposition topic has a corresponding document request.

such as client communications, internal communications, and mental impressions related to the Delaware District Court's invalidity ruling and VideoShare's ultimate appeal—none of which concern the '341 Patent.[5] Indeed, those communications occurred almost two years before the application that led to the '341 Patent was even filed. And while not VideoShare's current trial counsel, as prior litigation counsel, Dovel was privy to VideoShare's litigation strategy. Therefore, compelling Dovel to produce documents and to testify in the pending action risks disclosure of information protected by the attorney-client privilege and the work product doctrine. Because the attorney-client privilege is the client's, not the attorney's, privilege to waive, unless and until VideoShare waives its rights (which VideoShare will not do), non-party counsel cannot divulge the information requested.

    **D.**    **Google's Subpoenas Impose an Undue Burden.**

Because Google can obtain the information it seeks from other more appropriate and convenient sources, the Subpoenas are unduly burdensome and must be quashed. As is evident from the deposition topics and the requests for production, Google primarily seeks information regarding the prosecution of the patent-in-suit. But Dovel did not act as VideoShare's patent prosecution counsel and only served as litigation counsel. *See* Ex. 4 ('341 Patent file history). Consequently, Google's Subpoenas seek information that is not in Dovel's possession or which is equally accessible to Google from other sources.

Indeed, any relevant, non-privileged information regarding the prosecution of the patent-in-suit is a matter of written record. *See* 37 C.F.R. § 1.2 ("All business with the Patent and Trademark Office should be transacted in writing…. The action of the Patent and Trademark Office will be based exclusively on the written record in the office."); *see also Vitronics Corp. v. Conceptronic, Inc.*, 90

---

[5] The rest of Google's document requests and deposition topics similarly seek privileged information.

1    F.3d 1576, 1582 (Fed. Cir. 1996) (stating that the prosecution history of a patent
2    "contains the complete record of all proceedings before the Patent and Trademark
3    Office"). Not to mention, VideoShare produced the prosecution history of the
4    '341 Patent at the outset of the case pursuant to the Western District of Texas's
5    local patent rules, and courts have repeatedly found that "the prosecution histories
6    speak for themselves, and the relevant inquiry in terms of prior art and claim
7    construction is how one of ordinary skill in the art would interpret and understand
8    those prosecution histories, not what [the party's] litigation counsel thinks about
9    them." *Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 CIV.3578(RWS), 2004 WL
10   1627170, at *5 (S.D.N.Y. July 21, 2004); *see also Sterne Kessler Goldstein &*
11   *Fox, PLLC v. Eastman Kodak Co*., 276 F.R.D. 376, 385 (D.D.C. 2011) (quoting
12   and adopting the language in *Resqnet.Com* in quashing a subpoena for deposition
13   of prosecution counsel). Thus, any relevant information that Google seeks
14   regarding prosecution of the patent-in-suit can be obtained from the prosecution
15   history that has long been in its possession.

16          Furthermore, nothing in Dovel's possession would have any impact on
17   Google's inequitable conduct claim. Dovel was not VideoShare's prosecution
18   counsel and had no duty of disclosure to the Patent and Trademark Office, and
19   therefore could not have committed inequitable conduct. Under the rules
20   governing patent prosecution, the duty of candor applies to individuals
21   "substantively involved in the preparation or prosecution of the application...." 37
22   C.F.R. § 1.56(c). Here, Dovel only served as VideoShare's ***litigation counsel*** in
23   the Delaware Action and did not engage substantively in the prosecution of the
24   '341 Patent. Dovel neither crafted the language of the '341 Patent's claims nor
25   communicated with the United States Patent & Trademark Office on behalf of
26   VideoShare during the prosecution of the '341 Patent. Hence, information
27   regarding Dovel's knowledge of the Delaware District Court's invalidity order is
28   irrelevant. Google is not entitled to depose or obtain any documents from Dovel.

If Google seeks more information regarding the prosecution of the '341 Patent, it has the option of deposing VideoShare or the named-inventors. *See Sterne Kessler*, 276 F.R.D. at 385 (noting that depositions of inventor are more convenient and less burdensome means of obtaining requested discovery than deposition of attorney).

**IV.   CONCLUSION**

Based on the foregoing, Google should not be permitted to depose and obtain highly privileged materials from VideoShare's former litigation counsel. The Subpoenas to Dovel & Luner should be quashed in their entirety.

Dated:  March 29, 2021                     Respectfully submitted,

ARMOND WILSON LLP


By:  /s/ *Josepher Li*
        Michelle E. Armond
        Josepher Li

        William D. Ellerman
        SHORE CHAN LLP

Attorneys for Petitioner
VIDEOSHARE, LLC

-10-

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on March 29, 2021, a true and correct copy of the foregoing document was served via electronic transmission, upon the following attorneys:

| | |
|---|---|
| David S. Almeling<br>dalmeling@omm.com<br>Bill Trac<br>btrac@omm.com<br>Amy Liang<br>aliang@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>Telephone: 415-984-8700<br>Facsimile: 415-984-8701<br><br>*Attorneys for Google LLC and YouTube, LLC* | J. Mark Mann<br>mark@themannfirm.com<br>G. Blake Thompson<br>blake@themannfirm.com<br>MANN | TINDEL | THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>Telephone: 903-657-8540<br>Facsimile: 903-657-6003<br><br>*Attorneys for Google LLC and YouTube, LLC* |

/s/ *Josepher Li*
Josepher Li