UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: MC 21-464-MWF (PLAx)          Date: April 5, 2021

Title:    VideoShare, LLC v. Google LLC, et al.

PRESENT: THE HONORABLE    PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:
NONE

ATTORNEYS PRESENT FOR RESPONDENTS:
NONE

PROCEEDINGS: (IN CHAMBERS)    Petitioner's Motion to Quash Subpoenas to Third Party (ECF No. 1)

On March 29, 2021, in connection with a lawsuit pending in the Western District of Texas, case number CV 19-663-ADA, in which petitioner herein -- VideoShare, LLC ("VideoShare" or "petitioner") -- alleges patent infringement against Google LLC and YouTube LLC ("respondents"), petitioner filed a Motion to Quash ("Motion" or "Mot."), along with a Memorandum of Points and Authorities ("MPA"), a declaration of counsel, and exhibits. (ECF No. 1). Petitioner seeks to quash two third-party subpoenas (one for documents and one for testimony) served by respondents on non-party law firm Dovel & Luner ("Dovel"). (Mot. at 1; MPA at 1-2). Dovel represented petitioner in a prior patent infringement case in the District of Delaware, VideoShare, LLC v. Google, Inc. and YouTube, LLC, D. Del. Case No. 13-cv-990 (GMS).

Petitioner notes that on March 29, 2021, Dovel "timely served its objections to the Subpoenas."[1] (MPA at 2 n.2). It argues that it has standing to bring the subject Motion because the subpoenas seek information and documents relating to petitioner that are protected by the attorney-client privilege and/or the work product doctrine. (Id. at 6-7). Petitioner also notes that this Motion is properly heard in this Court because this is the judicial district where compliance with the subpoenas is required. (Id.). Finally, petitioner states that this Motion was brought "following the conference of counsel pursuant to Local Rule 37-1, which took place on March 29, 2021,"[2] i.e., on the same day that the Motion was filed. (Mot. at 1).

Local Rule 37 requires "counsel for the parties to confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible" before "filing any motion relating to discovery under" Rules 26 to 37 of the Federal Rules of Civil Procedure. C.D. Cal. L.R. 37-1. That, however, is only the first step in the process. If, after conferring with respect to "the substance of the contemplated motion and any potential resolution," "counsel are unable to settle their differences, they must formulate a written

---

     [1]    The objections were not included in the exhibits to the Motion.

     [2]    Petitioner did not submit any additional information regarding the Local Rule 37-1 conference of counsel.

stipulation unless otherwise ordered by the Court . . . which must be filed and served with the notice of motion." C.D. Cal. L.R. 37-1, 37-2.  In the alternative, prior to filing a regularly noticed motion, the Local Rules require the moving party to attest in a declaration that one of the three justifications for proceeding without a Local Rule 37 joint stipulation applies.  C.D. Cal. L.R. 37-2.4.

The Motion before this Court relates to subpoenas served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Local Rule 45 provides that Local Rule 37 "applies to all motions relating to discovery subpoenas served on (a) parties and (b) non-parties represented by counsel."  C.D. Cal. L.R. 45-1.  Here, although the subpoenas were served on non-party Dovel, the Motion does not seem to indicate if Dovel is represented by counsel.  In any event, in light of the fact that the dispute over the subject subpoenas is between *parties* to the underlying action, both of whom are clearly represented by counsel, the Court finds that Local Rules 37 and 45, when read together, make proceeding under Local Rule 37 the approach that is required under the circumstances here.

In this case, the same day that the parties allegedly held their Local Rule 37-1 conference of counsel, Dovel filed its objections to the subpoenas and petitioner filed this Motion.  See C.D. Cal. L.R. 7-3.  Petitioner, however, did not then follow the joint stipulation procedures required by Local Rule 37 before submitting this discovery dispute to the Court; neither did it file a declaration justifying why it was necessary to proceed instead with a regularly noticed discovery motion under Local Rules 6 and 7.

"The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner . . . ; (b) failed to provide [its] portion of the joint stipulation in a timely manner . . . ; or (c) refused to sign and return the joint stipulation after [its] portion was added."  See C.D. Cal. L.R. 37-2.4.  None of these conditions appears to apply here.

Accordingly, petitioner's Motion is **denied without prejudice** to refiling it -- utilizing the procedures set forth in Local Rules 37-1 to 37-4 -- as a Local Rule 37 joint stipulation, if one is still necessary after conducting the good faith conference of counsel required by Local Rule 37-1.

IT IS SO ORDERED.


cc:     Counsel of Record




Initials of Deputy Clerk _____ch_____